UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIER HAGEN and HEATHER NHAN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>MERIDIAN SERVICES, INC., and ORION ASSOCIATES, INC.,<br><br>    Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT** |

## PRELIMINARY STATEMENT

1. This is a collective and class action brought by Brier Hagen and Heather Nhan ("Plaintiffs"), on behalf of themselves and all others similarly situated (the "putative FLSA Collective"), and on behalf of the members of the putative Minnesota Rule 23 Class, to recover overtime pay from Meridian Services, Inc. and Orion Associates, Inc. (collectively, "Defendants").

2. Plaintiffs bring this action on behalf of themselves and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

3. Plaintiffs' claim is asserted as a collective action under the FLSA, 29 U.S.C. § 216(b). Plaintiffs also bring claims to recover unpaid wages under the Minnesota Payment of Wages Act ("MWPA"), Minn. Stat. § 181.101, and Minnesota Fair Labor

1

Standards Act ("MFLSA"), Minn. Stat. § 177.25.  Plaintiffs bring these state law claims as a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. The putative "FLSA Collective" is made up of all persons who work or worked for Defendants as Case Managers, also referred to as Social Workers/Case Managers, or other similar job titles who were paid a salary and treated as exempt from overtime laws and whose primary job duty was to provide case management services during the applicable statutory period.

5. The putative "Minnesota Rule 23 Class" is made up of all persons who are or have worked for Defendants in Minnesota as Case Managers, also referred to as Social Workers/Case Managers, or other similar job titles who were paid a salary and treated as exempt from overtime laws and whose primary job duty was to provide case management services during the applicable statutory period.

6. As a result of Defendants' willful and illegal pay practices, Plaintiffs and those similarly situated were deprived of overtime compensation for their hours worked in violation of federal and Minnesota state law.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

8. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

9. Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

10. Defendant Meridian Services, Inc. is registered to do business in the State of Minnesota and has its principal place of business at 9400 Golden Valley Road Golden Valley, Minnesota 55427.

11. Defendant Orion Associates, Inc. is registered to do business in the State of Minnesota and has its principal place of business at 9400 Golden Valley Road Golden Valley, Minnesota 55427.

12. Plaintiffs' direct deposit earning statements list Meridian Services as the name of their employer and further list 9400 Golden Valley Road Golden Valley, Minnesota 55427, which is the principal place of business for both Defendants, as the address of their employer.

13. Upon information and belief, other similarly situated individuals' pay stubs and/or earning statements list Meridian Services as their employer and both Defendants' principal place of business as their employer's address.

14. According to its website, Defendant Meridian Services has contracted with counties and health care systems throughout the state of Minnesota to provide case management services to persons with developmental disabilities, mental health, chemical health, elderly physical challenges, and related conditions.

15. According to its website, Defendant Orion Associates manages Meridian Services' administrative functions and personnel.

16. Orion Associates provides payroll, human resource, and training and quality assurance services for Meridian Services.

17. Orion Associates administers all personnel policies and procedures and conducts all hiring and onboarding for Meridian Services, including recruiting, interviewing, vetting and training candidates.

18. Orion Associates also assigns employee classifications to each of Meridian Services' job titles, including but not limited to their exempt or non-exempt status for purposes of overtime.

19. Defendants operate in interstate commerce by, among other things, providing case management services pursuant to contracts with counties and healthcare systems such as Medica, Hennepin Health, and Blue Cross Blue Shield, and receiving the funding for their services through, in part, federal funding such as Social Security.

20. Upon information and belief, Defendants' gross annual sales made, or business done has been in excess of $500,000.00 at all relevant times.

21. At all relevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

22. Plaintiff Brier Hagen is an adult resident of Bloomington, Minnesota.

23. Plaintiff Heather Nhan is an adult resident of Brooklyn Park, Minnesota.

4

24. Defendants employed Plaintiff Hagen as a Case Manager from approximately July 2022 to approximately September 2023.

25. Plaintiff worked out of Defendants' Golden Valley, Minnesota office, traveled throughout Anoka County for work, and also worked remotely from her home in Bloomington, Minnesota.

26. Defendants paid Plaintiff Hagen an annual salary of $52,600.00.

27. Defendants employed Plaintiff Nhan as a Case Manager from approximately July 2022 to approximately May 2024.

28. Plaintiff worked out of Defendants' Golden Valley, Minnesota office, traveled throughout Anoka County for work, and also worked remotely from her home in Brooklyn Park, Minnesota.

29. Defendants paid Plaintiff Nhan an annual salary ranging from $49,000.00 to $51,000.00.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

30. Defendants operate as one organization and jointly employ Plaintiffs.

31. At all times relevant herein, Defendants operated a willful scheme to deprive Plaintiffs and others similarly situated of compensation.

32. Plaintiffs and other similarly situated individuals were employed by Defendants as Case Managers, also referred to as Social Workers/Case Managers, and had a primary job duty of providing case management services to Defendants' customers.

33. Defendants require their Case Managers to possess a four-year degree in psychology, sociology or human services, a bachelor's degree in social work, or a master's degree in social work.

34. Case Managers share the same primary job duty regardless of whether they possess a four-year degree in psychology, sociology, or human services, or a bachelor's or master's degree in social work.

35. Plaintiffs and the similarly situated individuals are or were paid a salary with no overtime pay.

36. Defendants classified Plaintiff and the other similarly situated individuals as exempt from overtime laws, including the FLSA and/or MFLSA.

37. Defendants suffered and permitted Plaintiffs to regularly work more than 40 and/or more than 48 hours in certain workweeks.

38. For example, in the workweek ending August 17, 2023, Plaintiff Hagen estimates that she worked approximately 44 hours and did not receive overtime pay for her overtime hours. As another example, in the workweek ending May 11, 2023, Plaintiff Nhan estimates that she worked approximately 50 hours and did not receive overtime pay for her overtime hours.

39. Upon information and belief, Defendants also suffered and permitted the members of the putative FLSA Collective to regularly work more than 40 hours in certain workweeks and members of the putative Minnesota Rule 23 Class to regularly work more 48 hours in certain workweeks.

40. Defendants have been aware, or should have been aware, that Plaintiffs, the putative FLSA Collective, and members of the putative Minnesota Rule 23 Class performed non-exempt work that required payment of overtime compensation.

41. Defendants required Plaintiffs, the putative FLSA Collective, and members of the putative Minnesota Rule 23 Class to work long hours, including overtime hours, to complete all of their job responsibilities and meet Defendants' productivity standards.

42. Defendants knew or should have known that Plaintiffs and the other similarly situated individuals worked unpaid overtime hours because Defendants assigned unmanageable caseloads, set a billable unit requirement that frequently required more than forty hours of work per week, and directly informed potential Case Managers through job postings that they would have to work evening hours.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

43. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein.

44. Plaintiffs bring Count I individually and on behalf of the putative FLSA Collective.

45. Plaintiffs file this action on behalf of themselves and all other similarly situated individuals. The putative FLSA Collective is defined as follows:

> All persons who work or worked for Defendants as Case Managers, also referred to as Social Workers/Case Managers, or other similar job titles who are or were paid a salary and treated as exempt from overtime laws and whose primary job duty was providing case management services from three years prior to the filing of this Complaint through judgment (the "FLSA Collective").

46. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiffs signed the consent forms attached hereto as Exhibit A.

47. During the applicable statutory period, Plaintiffs and the other similarly situated individuals routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

48. Defendants willfully engaged in a pattern of violating the FLSA, as described in this Complaint, in ways including, but not limited to, requiring Plaintiffs and the other similarly situated individuals to work excessive hours and failing to pay them overtime compensation.

49. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the entire putative FLSA Collective. Accordingly, notice should be sent to the putative FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through their records.

## **MINNESOTA RULE 23 CLASS ACTION ALLEGATIONS**

50. Plaintiffs re-allege and incorporate by reference all allegations in the preceding paragraphs.

51. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiffs bring Counts II and III individually and on behalf of the putative Minnesota Rule 23 Class.

52. The class of similarly situated employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the MPWA and MFLSA is defined as:

> All persons who work or worked as Case Managers for Defendants, also referred to as Social Workers/Case Managers, or other similar job titles in Minnesota who were paid a salary and treated as exempt from overtime laws and whose primary job duty was providing case management services from three years prior to the filing of this Complaint through judgment (the "Minnesota Rule 23 Class").

53. The persons in the putative Minnesota Rule 23 Class are so numerous that joinder of all members is impracticable. While the precise number has not been determined, Defendants, on information and belief, have employed at least one hundred (100) individuals in the Case Manager, also referred to as Social Worker/Case Manager, job title or other similar job titles during the applicable statute of limitations period. Plaintiffs and the putative Minnesota Rule 23 Class have been commonly affected by Defendants' violations of law.

54. There are questions of law and fact common to the putative Minnesota Rule 23 Class that predominate over any questions solely affecting individual members, including but not limited to the following:

   a. Whether Defendants violated Minnesota law by failing to pay current and former Minnesota Rule 23 class members for all wages earned;
   b. Whether Defendants violated Minnesota law by failing to pay overtime wages;
   c. The proper measure and calculation of damages; and
   d. Whether Defendants' actions were willful or in good faith.

55. Plaintiffs' claims are typical of those members of the putative Minnesota Rule 23 Class. Plaintiffs, like other members of the putative Minnesota Rule 23 Class,

9

were subject to Defendants' practices and policies described in this Complaint. Further, Plaintiffs' job duties are typical of the putative Minnesota Rule 23 Class, as all class members are or were Case Managers, also referred to as Social Workers/Case Managers, or other similar job titles whose primary duty was to provide case management services.

56. Plaintiffs will fairly and adequately protect the interest of the putative Minnesota Rule 23 Class and have retained counsel experienced in complex wage and hour class and collective action litigation.

57. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. There do not appear to be any difficulties in managing this class action.

58. Plaintiffs intend to send notice to all members of the putative Minnesota Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (On Behalf of Plaintiffs and the Putative FLSA Collective)

59. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein.

60. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

61. Defendants suffered and permitted Plaintiffs and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

62. Defendants' actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the other similarly situated individuals their required overtime compensation.

63. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the other similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

64. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the other similarly situated individuals, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

65. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

## COUNT II – VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT
**(On behalf of Plaintiffs and the Putative Minnesota Rule 23 Class)**

66. Plaintiffs, on behalf of themselves and the proposed Minnesota Rule 23 Class, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

67. Plaintiffs and the putative Minnesota Rule 23 Class were or are employees of Defendants and Defendants were their employers within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

68. The MFLSA requires employers to pay their employees for hours worked in excess of 48 in an individual work week at a rate no less than 1.5 times their regular hourly rate of pay.

69. When Defendants improperly classified Plaintiffs and the putative Minnesota Rule 23 Class as exempt from overtime wages and failed to pay them overtime compensation for hours worked in excess of 48 per week, they violated the MFLSA.

70. The foregoing conduct constitutes a willful violation of the MFLSA within the meaning of Minn. Stat. § 541.07.

71. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the putative Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

72. Plaintiffs and the proposed Minnesota Class are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the MFLSA.

**COUNT III - VIOLATION OF THE MINNESOTA PAYMENT OF WAGES ACT**
**(On behalf of Plaintiffs and the Putative Minnesota Rule 23 Class)**

62. Plaintiffs, on behalf of themselves and the proposed Minnesota Rule 23 Class, re-allege and incorporate by reference the above paragraphs as if fully set forth herein. Plaintiffs and members of the proposed Minnesota Rule 23 Class are current and former employees of Defendants within the meaning of Minn. Stat. § 181.101.

63. Defendants are or were Plaintiffs' and the proposed Minnesota Rule 23 Class's employers within the meaning of Minn. Stat. § 181.171(4).

64. Minn. Stat. § 181.101 requires every employer to pay all wages earned by an employee at least once every 31 days on a regular payday designated in advance by the employer regardless of whether the employee requests payment at longer intervals.

65. For purposes of Minn. Stat. § 181.101, wages are earned on the day an employee works and Minn. Stat. § 181.101 provides a substantive right for employees to the payment of wages, including salary, earnings, and gratuities, as well as commissions, in addition to the right to be paid at certain times.

66. Minn. Stat. § 181.13 provides that when an employer discharges an employee, the wages or commissions actually earned and unpaid at the time of the discharge are immediately due and payable.

67. Minn. Stat. § 181.14 provides that when an employee quits or resigns employment, the wages or commissions earned and unpaid at the time the employee quits or resigns must be paid in full no later than the next regularly scheduled payday.

68. Defendants, pursuant to their pay practices, refused and failed to pay the Plaintiffs and the proposed Minnesota Rule 23 Class for all of their hours worked.

69. By failing to properly compensate Plaintiffs and the proposed Minnesota Rule 23 Class, Defendants violated, and continue to violate consultants' statutory rights under Minn. Stat. §§ 181.101, 181.13, and 181.14.

70. Defendants' actions were willful and not the result of mistake or inadvertence. *See* Minn. Stat. § 541.07(5).

71. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the proposed Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

72. Plaintiffs and the proposed Minnesota Rule 23 Class seek damages in the amount of their unpaid wages for all hours worked, reasonable attorneys' fees and costs for this action, pre- and post-judgment interest, penalties, and such other legal and equitable relief as the Court deems proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and the putative FLSA Collective, pray for judgment against Defendants as follows:

A. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. A finding that Plaintiffs and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. A finding that Defendants violated the overtime provisions of the FLSA;

D. Judgment against Defendants in the amount of Plaintiffs' and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E. An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

F. An award of attorneys' fees and costs incurred in prosecuting this action;

G. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H. For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the putative Minnesota Rule 23 Class, pray for relief as follows:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the putative Minnesota Rule 23 Class, and the appointment of Plaintiffs as the class representatives and their counsel as class counsel;

15

B. Judgment against Defendants for violation of the overtime provisions of the MFLSA;

C. Judgment that Defendants' violations of the MFLSA and MWPA were willful;

D. An award to Plaintiffs and the putative Minnesota Rule 23 class for unpaid regular and overtime wages and liquidated damages;

E. An award of any pre- and post-judgment interest;

F. An award of reasonable attorneys' fees and costs;

G. Leave to amend to add additional plaintiffs, defendants, and/or state law claims by motion or any other method approved by the Court; and

H. Such further relief as the Court deems just and equitable.

DATED: September 16, 2024          **NICHOLS KASTER, PLLP**

*/s/ H. Clara Coleman*
H. Clara Coleman, MN Bar No. 0401743
Rachhana T. Srey, MN Bar No. 340133
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
srey@nka.com
ccoleman@nka.com

**Attorneys for Plaintiffs, the putative FLSA Collective, and putative Minnesota Rule 23 Class**